UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Alejandro Hernandez, | ) | CASE NO. 4:11 CV 1737 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| United States of America, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Alejandro Hernandez filed this *Bivens*[1] action against defendants the United States of America, Northeast Ohio Correctional Center ("NEOCC") Chaplain William Zeyer, and NEOCC Assistant Warden Dennis Johnson. In the Complaint, Plaintiff alleges Defendants failed to provide appropriate kosher food for Passover in violation of the First, Fifth and Fourteenth Amendments. Plaintiff also asserts that Defendants violated the Religious Land Use and Institutional Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1; the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1; and Title VII. He does not state what relief he is seeking.

**I. Background**

Plaintiff is a federal prisoner, incarcerated at NEOCC in Youngstown, Ohio. His Complaint is somewhat difficult to understand, but it appears Plaintiff's allegations relate to alleged problems with NEOCC's provision of kosher meals to Jewish inmates in general and, specifically, during Passover between April 18 - 26, 2011.[2]

---

[1] In *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), the Supreme Court provided federal inmates and detainees with a cause of action analogous to that provided in 42 U.S.C. §1983.

[2] Plaintiff does not specifically allege that he is Jewish. Even giving his *pro se* Complaint a

(continued...)

Plaintiff first alleges several "serious violations" relating to the Passover meals in question. He claims NEOCC's Passover Menu was not appropriate because it was not approved by a Rabbi. He asserts the food provided for Passover is not "kosher for Passover"[3] because it was not prepared under rabbinical supervision, and specifically claims that the eggs and milk provided were not obtained in accordance with Jewish law for Passover consumption. He maintains he was not provided with sufficient grape juice to make kiddush and, further, that NEOCC failed to provide access to a Rabbi or Chazan with whom Plaintiff could properly make kiddush.

In addition, Plaintiff appears to allege generally that, for more than two years, NEOCC has claimed that bread and other food wrapped by the prison is kosher when, in fact, such food must be specially prepared and wrapped under rabbinical supervision. (Doc. 1-2 at 2). Although particularly unclear, Plaintiff also appears to claim that, on August 9, 2011, Chaplain Zeyer did not allow him sufficient time to eat his food according to Jewish law. Specifically, Plaintiff claims that "on August 9, 2011, I did of fast of 9th 'AV' according jewish law, but I was explain to Mr. Zeyer chaplain I can't eat any product lacteal as milk, and after how eat meat and fish, the reason I need to wait hour four, that is jewish believe, but Mr. Zeyer chaplain him does it same anytime he said you eat three meal fifteenth (15) minute." (Doc. 1-2 at 3).

---

[2](...continued)
liberal construction, the Court cannot assume for purposes of this Opinion that Plaintiff is, in fact, Jewish.

[3]  Passover is a Jewish holiday that commemorates the liberation of the ancient Israelites from slavery in Egypt.  Passover is an eight day holiday and is governed by strict dietary rules that are specific to that holiday.  During Passover, Jewish law forbids the consumption of all edible fermented grain products or related foods. Therefore, even foods which are considered kosher according to  year-round dietary regulations, may not be "kosher for Passover."  *See* http://en.wikipedia.org/wiki/Passover.

Plaintiff maintains that, when he has tried to raise these issues with NEOCC, prison officials have explained to him that illegal aliens do not have any rights in this country. The documents attached to Plaintiff's Complaint indicate that he filed several grievances about the allegations set forth above. On May 5, 2011, Plaintiff filed an Inmate Request to Chaplain Zeyer in which he raised his concerns regarding "serious violations" relating to the Passover Menu. (Doc. 1-3 at 6-7). Chaplain Zeyer responded on May 10, 2011, stating that he had investigated Plaintiff's concerns and verified that "all the food served during Passover 2011 was actually kosher for Passover food." (Doc. 1-3 at 8).

Plaintiff filed an Informal Resolution raising the same issues, which was later denied. (Doc. 1-3 at 9; Doc. 1-1 at 3). Thereafter, Plaintiff filed a Grievance, in which he argued that NEOCC's failure to provide appropriate meals for Passover violated the RLUIPA, RFRA, and Title VII. (Doc. 1-1 at 4-8). This Grievance was rejected. (Doc. 1-1 at 4). Plaintiff filed appeals to both the Regional and Central Office Administrative Record Appeal Offices, which were denied. (Doc. 1-3 at 2, 4-5). Plaintiff attempted to appeal these denials to the Bureau of Prisons ("BOP"). This appeal was rejected, however, on the grounds that "this issue is not appealable to the BOP." (Doc. 1-3 at 2).

Plaintiff filed the instant Complaint on August 18, 2011 against NEOCC Chaplain Zeyer and Assistant Warden Dennis Johnson in both their official and individual capacities. Plaintiff also names the United States of America as a defendant. He does not clearly set forth his causes of action, but does reference the First Amendment, the Due Process Clause of the Fifth and Fourteenth Amendments, RLUIPA, RFRA, and Title VII.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[4] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

---

[4] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

### III. Analysis

A. **The First Amendment**

Plaintiff alleges his rights under the Free Exercise Clause of the First Amendment were violated when Defendants failed to provide appropriate kosher food, both in general and for Passover in particular. Giving the *pro se* Complaint a liberal construction, it appears that Plaintiff is asserting this claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to *Bivens*, an individual may "recover money damages for any injuries. . . suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens*, 403 U.S. at 397. *See also Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 438 (6th Cir. 2006).

As an initial matter, the Court finds that Plaintiff cannot assert a *Bivens* claim against defendant United States. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1, 4 (1969). Even liberally construing Plaintiff's Complaint, there is not a sufficient indication that the United States has waived its sovereign immunity with respect to this claim. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991)(stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities). Accordingly, Plaintiff's First Amendment claim against the United States is dismissed.

Plaintiff's First Amendment official capacity claims against defendants Zeyer and Johnson must be dismissed as well. Plaintiff's official capacity claims are necessarily construed as claims

against NEOCC. *See Monell v. Dept' of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) ("Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). NEOCC is owned and operated by Corrections Corporation of America ("CCA"), a private corporation under contract with the federal Bureau of Prisons. The Supreme Court has expressly held that a private corporation cannot be sued for damages under *Bivens*. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70-74 (2001). Because any claims against CCA would be barred, Plaintiff's First Amendment claims against Zeyer and Johnson in their official capacities as agents of NEOCC (and, thus, CCA) are also subject to summary dismisal under § 1915(e).

Plaintiff also appears to allege that Johnson is liable in his individual capacity based on his supervisory role as NEOCC Assistant Warden. The theory of *respondeat superior*, however, does not apply in *Bivens* suits to impute liability onto supervisory personnel. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). To establish liability of a supervisor, a plaintiff must show, at a minimum, "that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. Such liability must be based on "active unconstitutional behavior" and cannot be based on the mere right to control employees. *Id*. A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Supervisory liability cannot be based upon the failure to act, or simply because a supervisor denied a grievance or failed to act based upon a information contained in a grievance. *See Shehee*, 199 F.3d at 300; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

In the instant case, Plaintiff has failed to set forth any allegations that Johnson engaged in

any active unconstitutional behavior or implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct.  Accordingly, the Court finds that Plaintiff's First Amendment individual capacity claim against Johnson fails to state a claim upon which relief may be granted and is subject to dismissal under § 1915(e).

In light of the above, the Court finds that the only potential First Amendment claim remaining in Plaintiff's Complaint is his individual capacity claim against Chaplain Zeyer.  The First Amendment to the United States Constitution states "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . . " U.S. Const., Amend. 1. While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," prisoners retain the First Amendment right to exercise their religion subject to reasonable restrictions.  *See O'Lone v. Shabazz*, 482 U.S. 342, 348-49 (1987)(citations omitted)*. See also Bell v. Wolfish*, 441 U.S. 520, 549-50 (1979).  To establish that this right has been violated, a plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) defendant's behavior infringes upon this practice or belief.  *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001).  Prison officials may impinge on these constitutional rights only if the restriction "is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Moreover, under *Turner*, a plaintiff may pursue as-applied challenges to facially valid prison regulations. *Flagner*, 241 F.3d at 484 n.5.

Plaintiff alleges that, for more than two years, NEOCC has mistakenly asserted that food wrapped by the prison is kosher when, in fact, such food must be specially prepared and sealed under rabbinical supervision.  Moreover, Plaintiff claims that the meals provided during the 2011 Passover holiday were not "kosher for Passover" and, further, that the Passover Menu was not

approved by a Rabbi. While attacking Defendants' ability to comply with Jewish customs, Plaintiff has never once alleged that his desire to eat this type of food is religious-based, nor has he alleged any sincerely held beliefs. Even viewing the *pro se* complaint in a liberal manner, Plaintiff has made no allegations, of any kind, about his own belief systems. Accordingly, his First Amendment claim against Chaplain Zeyer in his individual capacity must also be dismissed.

**B.     RFRA**

Plaintiff also alleges that defendant's failure to provide appropriate kosher food violates the Religious Freedom and Restoration Act ("RFRA"). RFRA, which expands the First Amendment protections accorded federal prisoners[5] with respect to their religious beliefs, imposes strict scrutiny where the government "substantially burden[s] a person's exercise of religion, even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb-1(a). *See also Cutter v. Wilkinson*, 423 F.3d 579, 582 (6th Cir. 2005). Where a substantial burden is found, the challenged policy survives only if the government shows that it furthers a "compelling governmental interest" and is the "least restrictive means of doing so." 42 U.S.C. § 2000bb-1(b). RFRA only applies, however, if the plaintiff makes an "initial showing" that the challenged policy "imposes a substantial burden on his religious exercise." *See Hoevenaar v. Lazaroff*, 422 F.3d 366, 368 (6th Cir. 2005); *Weinberger v. Grimes*, 2009 WL 331632 at * 5 (6th Cir. Feb. 10, 2009).

As an initial matter, the Court finds that Plaintiff cannot assert his RFRA claim against the United States. Under RFRA, "[a] person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain

---

[5]     RFRA was declared unconstitutional as applied to the states but remains good law as applied to the federal government. *See Weinberger v. Grimes*, 2009 WL 331632 at *2, n. 1 (6th Cir. Feb. 10, 2009); *Cutter v. Wilkinson*, 423 F.3d 579, 582 (6th Cir. 2005).

*appropriate relief against a government.*" 42 U.S.C. § 2000bb-1(a). The term "government" is defined to include "a branch, department, agency, instrumentality and official (or other person acting under color of law) of the United States." 42 U.S.C. § 2000bb-2 (1).

Interpreting this provision, the D.C. Circuit Court of Appeals found that RFRA's reference to "appropriate relief" was "not the 'sort of unequivocal waiver'"sufficient to extend the waiver of sovereign immunity to claims for monetary damages. *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022 (D.C. Cir. 2006). Both the Supreme Court and the Sixth Circuit have subsequently interpreted similar language in RLUIPA and found that use of the term "appropriate relief against a government" is not an unequivocal expression of intent to waive state immunity. *See Sossamon v. Texas*, 131 S.Ct. 1651, 1658 (2011); *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009). Based on the above, the Court finds that Plaintiff's RFRA claim against the United States is barred by sovereign immunity and must be dismissed pursuant to § 1915(e)(2).[6]

With regard to Plaintiff's RFRA claims against NEOCC Assistant Warden Johnson and Chaplain Zeyer, the Court notes that several district courts have considered RFRA claims against private entities such as CCA (which owns and operates NEOCC) and individuals working at federal prisons owned and operated by private entities. *See e.g., Benson v. Corrections Corp. of America*, 2009 WL 2461016 (N.D. Ohio Aug. 7, 2009); *Rogers v. United States*, 696 F.Supp.2d 472, 486-488 (W.D. Pa. March 10, 2010). However, like Plaintiff's First Amendment claim, his RFRA claim may only succeed if he alleges that a governmental action (1) substantially burdens, (2) a religious belief rather than a philosophy or way of life, (3) which belief is sincerely held. *General*

---

[6] While federal immunity might not be waived for claims for non-monetary relief under RFRA, there is no indication in Plaintiff's Complaint that he is seeking such relief.

*Conference Corp. Of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 410 (6th Cir. 2010). As noted above, there are no allegations within the complaint that suggest that Plaintiff has any religious beliefs, let alone sincerely held beliefs that require him to eat meals prepared in the manner that he suggests is proper. His RFRA claims fail as a matter of law.

**C.     The RLUIPA**

Plaintiff further alleges that defendants violated the Religious Land Use and Institutional Persons Act ("RLUIPA"). Section Three of RLUIPA provides, in pertinent part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates the imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). RLUIPA defines the term "government" as including States and their agencies and departments, as well as persons acting under color of state law. *See* 42 U.S.C. § 2000cc-5(4)(A); *Cardinal v. Metrish*, 564 F.3d 794, 798 (6th Cir. 2009). *See also Cutter v. Wilkinson*, 423 F.3d 579, 582-83 (6th Cir. 2005) (noting that Section 3 of RLUIPA creates a private cause of action for incarcerated persons who allege that a state government has substantially burdened their religious conduct). This definition does not include the United States, federal agencies and departments, or persons acting under color of federal law.

Plaintiff herein is an inmate under federal custody. His claims are asserted against the United States and prison officials acting within the scope of their employment at NEOCC.[7] Since

---

[7]     As set forth *supra*, NEOCC is owned and operated by Corrections Corporation of America ("CCA"), which is a private corporation under contract with the federal Bureau of Prisons. Plaintiff
(continued...)

RLUIPA applies only to state and local governments, and Plaintiff herein does not assert any allegations against a state or local government, Plaintiff's RLUIPA's claims are dismissed pursuant to § 1915(e) for failure to state a claim upon which relief may be granted. *See Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1077 (9th Cir. 2008) (*en banc*) (finding that RLUIPA does not apply to actions taken by federal defendants); *Lovelace v. Lee*, 472 F.3d 174, 217 (4th Cir. 2006) (finding that "RLUIPA deals exclusively with state, rather than federal, prisons"); *Benson v. Corrections Corp. of America*, 2009 WL 2461016 at * 2 (N.D. Ohio Aug. 7, 2009).

**D.     Due Process Claim**

Plaintiff alleges generally that defendants violated his Due Process rights under the Fifth and Fourteenth Amendments. The Fifth Amendment provides that "no person shall be deprived of life, liberty or property, without due process of law." U.S. Const. Amend. V. In addition to setting the procedural minimum for deprivations of life, liberty or property, the Due Process Clause bars "certain governmental actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit. *Id*.

The Due Process Clause has a procedural component and a substantive one. It appears that plaintiff may be asserting both substantive and procedural due process claims. The Court will address each in turn.

---

[7](...continued)
does not allege, and there is no indication that, CCA is a state or local government, agency, or department.

1. **Substantive Due Process**

Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937) *overruled on other grounds by Benton v. Maryland*, 395 U.S. 784 (1969). Due process claims of this nature involve official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute. *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989).

A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agency. *Id*. at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id*.

Construed liberally, the Complaint appears to allege a substantive due process claim based on the allegation that defendants' failure to provide appropriate kosher food "shocks the conscience." This claim is based on the same facts as Plaintiff's First Amendment claim, discussed above. Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

This Court has already considered Plaintiff's claim in the context of his First Amendment rights, *infra*. Therefore, his substantive due process claim is dismissed as duplicative of his First Amendment claim.

### 2. Procedural Due Process

It is not entirely clear from his Complaint, but it appears that Plaintiff may be alleging that his procedural due process rights were violated when the BOP refused to consider Plaintiff's appeal of the denial of his Grievance on the grounds that "this issue is not appealable to the BOP." (Doc. 1-3 at p. 2).

The Court finds this claim to be without merit. To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that a liberty or property interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, procedural due process analysis involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In other words, "the question of what process is due is relevant only if the inmate establishes a constitutionally protected interest." *Pickelhaupt v. Jackson*, No. 08-2310, 2010 WL 395929 at ** 2 (6th Cir. Feb. 4, 2010).

In the instant case, Plaintiff's procedural due process claim appears to be based on his allegation that the BOP refused to consider his Grievance appeal. The Sixth Circuit has held that there is no inherent constitutional right to an effective prison grievance procedure. *See Argue v. Hofmeyer*, No. 03-1156, 2003 WL 22495834 at * 2 (6th Cir. Oct. 30, 2003); *Walker v. Dept. of Corrections*, No. 04-1347, 2005 WL 742743 at **3 (6th Cir. April 1, 2005). Thus, the Court finds

that the BOP's failure to consider his Grievance appeal is insufficient to demonstrate interference with a "liberty or property interest."

Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted for procedural due process violations. This claim is, therefore, dismissed as a matter of law pursuant to § 1915(e).

**E.     Title VII**

Plaintiff asserts generally that defendants violated his rights under Title VII. Title VII of the Civil Rights Act prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a). There is nothing in the Complaint indicating the existence of an employment relationship, nor are there any allegations that relate to any form of discrimination in the employment context.

Accordingly, Plaintiff's Title VII claim is dismissed as a matter of law pursuant to § 1915(e).

## Conclusion

Accordingly, Plaintiff's complaint is dismissed in its entirety. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[8]

IT IS SO ORDERED.

Date: November 28, 2011         /s/ John R. Adams
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE

---

[8] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."